UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA GJELUCI, et al.,

      Plaintiffs,

vs.

Case No. 05-CV-72451
HON. GEORGE CARAM STEEH

MICHAEL CHERTOFF,
Director, Department of Homeland Security, et al.,

      Defendants.

_____/

ORDER DISMISSING PLAINTIFFS' CLAIMS FOR A
WRIT OF MANDAMUS ON FAILURE TO SHOW CAUSE
WHY THE CLAIMS SHOULD NOT BE DISMISSED FOR LACK OF
FEDERAL SUBJECT MATTER JURISDICTION

On June 28, 2005, this court ordered plaintiff Andrea Gjeluci to show cause by July 13, 2005 why his 28 U.S.C. § 1361 claim for a writ of mandamus compelling defendant Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), to adjudicate four September 8, 2003 refugee asylee relative petitions plaintiff filed under Immigration Form I-730 on behalf his wife and three children should not be dismissed for lack of federal subject matter jurisdiction.

Plaintiff's June 21, 2005 Complaint invoked federal question subject matter jurisdiction pursuant to the federal mandamus statute itself, 28 U.S.C. § 1361, the federal Administrative Procedures Act ("APA") at 5 U.S.C. § 555(b), and the Immigration and Nationality Act ("the Act), at 8 U.S.C. § 1103(a)(1), and 8 C.F.R. § 103.1 governing the Attorney General's authority to adjudicate asylum petitions. In the June 28, 2005 Show

Cause Order, the court instructed that: (1) general federal question jurisdiction is not available under § 1361 if Congress has provided an adequate procedure to obtain review of agency action and the plaintiff has failed to exhaust this remedy[1], 8 U.S.C. § 1158(d)(5)(A)(iv) of the Act provides for an administrative appeal following the denial of an asylum petition or an adjudication of a removal proceeding, and plaintiff's wife Liljana and children Albert, Klaudio, and Angjela have not exhausted this administrative remedy as they are scheduled to appear in Immigration Court on August 3, 2005 for individual removal proceedings; (2) general federal question jurisdiction is also not available under § 1361 unless the plaintiff shows the defendant owes the plaintiff a "clear nondiscretionary duty" that the defendant has failed to perform[2], and 8 U.S.C. § 1158(d)(7)[3] of the Act governing asylum petitions expressly precludes a finding of a such a "clear nondiscretionary duty" owing to plaintiff Andrea Gjeluci to adjudicate his refugee asylee relative petitions in a timelier fashion, and; (3) the APA does not constitute an independent grant of federal question jurisdiction[4] to review the timeliness of an adjudication of a refugee asylee relative petition.  Plaintiff was thus ordered to show cause why this matter should not be dismissed for lack of federal subject matter jurisdiction.

---

[1] L & N Railroad Co. v. Donovan, 713 F.2d 1243, 1245 (6th Cir. 1983), Hamilton v. United States, 580 F.Supp. 31, 33 (M.D. Tenn. 1984), Jeno's v. Commissioner of Patents and Trademarks, 498 F.Supp. 472 (D. Minn. 1980).

[2] Your Home Visiting Nurse Services, Inc. v. Secretary of Health and Human Servs., 132 F.3d 1135, 1141 (6th Cir. 1997).

[3] "7) No private right of action[.]  Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."

[4] Califano v. Sanders, 430 U.S. 99, 105-106 (1977).

In timely responding to the June 28, 2004 Show Cause Order, plaintiff distinguishes between his right, as an alien already granted asylum, to a timely adjudication of his own immediate relative asylee petitions filed under Immigration Form I-730, and the rights of his wife and children under their own independent applications for asylum.  Plaintiff argues that his relative asylee petition "has nothing to do with the asylum application filed by Liljana Gjeluci," that his petition is not reviewable in Immigration Court on August 3, 2005, and that he is not entitled to appeal a denial of his petition, citing 8 C.F.R. § 208.21(e).  Plaintiff argues that his filing of the Immigration Form I-730 on September 8, 2003 thus exhausted his administrative remedies with the Department of Homeland Security ("DHS").  Plaintiff continues that his Immigration Form I-730 was improperly referred to DHS's Immigration and Customs Enforcement Branch ("ICE") for litigation in conjunction with his wife's and children's removal hearing, and improperly taken away from the USCIS where it is now incapable of adjudication.  Plaintiff argues that the ICE's retention of his Form I-730 relative asylee petitions is indefinite, and denies plaintiff a constitutional due process right to have the application adjudicated.

8 C.F.R. § 208.21 provides in relevant part:

§ 208.21 Admission of the asylee's spouse and children.

(a) Eligibility. In accordance with section 208(b)(3) of the Act, a spouse, as defined in section 101(a)(35) of the Act, 8 U.S.C. 1101(a)(35), or child, as defined in section 101(b)(1) of the Act, <u>also may be granted asylum</u> if accompanying, or following to join, the principal alien who was granted asylum, <u>unless it is determined that the spouse or child is ineligible for asylum under section 208(b)(2)(A)(i), (ii), (iii), (iv) or (v) of the Act for applications filed on or after April 1, 1997,</u> or under § 208.13(c)(2)(i)(A), (C), (D), (E), or (F) for applications filed before April 1, 1997.

\*     \*     \*

> (c) Spouse or child in the United States. When a spouse or child of an alien granted asylum is in the United States, but was not included in the asylee's application, the asylee may request accompanying or following-to-join benefits for his/her spouse or child by filing for each qualifying family member a separate Form I-730, Refugee/Asylee Relative Petition, and supporting evidence, with the designated Service office, regardless of the status of that spouse or child in the United States. A recent photograph of each derivative must accompany the Form I-730. The photograph must clearly identify the derivative, and will be made part of the derivative's immigration record for identification purposes. Additionally, a separate Form I-730 must be filed by the asylee for each qualifying family member before February 28, 2000, or within 2 years of the date in which he/she was granted asylum status, whichever is later, unless it is determined by the Service that this period should be extended for humanitarian reasons. Upon approval of the Form I-730, the Service will notify the asylee of such approval on Form I-797, Notice of Action. Employment will be authorized incident to status. To demonstrate employment authorization, the Service will issue a Form I-94, Arrival-Departure Record, which also reflects the derivative's current status as an asylee, or the derivative may apply under § 274a.12(a) of this chapter, using Form I-765, Application for Employment Authorization, and a copy of the Form I-797. The approval of the Form I-730 shall remain valid for the duration of the relationship to the asylee and, in the case of a child, while the child is under 21 years of age and unmarried, provided also that the principal's status has not been revoked. However, the approved Form I-730 will cease to confer immigration benefits after it has been used by the beneficiary for admission to the United States as a derivative of an asylee.
>
> \*   \*   \*
>
> (e) Denial. If the spouse or child is found to be ineligible for the status accorded under section 208(c) of the Act, a written notice stating the basis for denial shall be forwarded to the principal alien. No appeal shall lie from this decision.

8 C.F.R. § 208.21(a), (c), (e) (emphasis added).

Section 208(b)(1)(A) of the Act, being 8 U.S.C. § 1158(b)(1)(A), states that the Secretary of Homeland Security or Attorney General may grant asylum to an alien who has applied for asylum and is found to be a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A), whereas Section 208(b)(2)(A) of the Act, being 8 U.S.C. § 1158(b)(2)(A), sets forth specific exceptions to granting an alien's own direct request for asylum:

> (2) Exceptions
>
> (A) In general
>
> Paragraph (1) shall not apply to an alien if the Attorney General determines that--
>
> (i) the alien ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion;
>
> (ii) the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States;
>
> (iii) there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States;
>
> (iv) there are reasonable grounds for regarding the alien as a danger to the security of the United States;
>
> (v) the alien is described in subclause (I), (II), (III), (IV), or (VI) of section 1182(a)(3)(B)(i) of this title or section 1227(a)(4)(B) of this title (relating to terrorist activity), unless, in the case only of an alien described in subclause (IV) of section 1182(a)(3)(B)(i) of this title, the Attorney General determines, in the Attorney General's discretion, that there are not reasonable grounds for regarding the alien as a danger to the security of the United States; or
>
> (vi) the alien was firmly resettled in another country prior to arriving in the United States.

Section 208(b)(3) of the Act states in pertinent part:

> (3) Treatment of spouse and children
>
> (A) In general
>
> A spouse or child (as defined in section 1101(b)(1) (A), (B), (C), (D), or (E) of this title) of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien.

8 U.S.C. § 1158(b)(3)(A).

> Contrary to plaintiff Andrea Gjeluci's argument, 8 C.F.R. § 208.21(a) and 8 U.S.C.

5

§ 1158(b) make clear that plaintiff's Immigration Form I-730 refugee asylee relative petitions, and his wife's and children's own asylum petitions, are intimately related. Plaintiff's spouse and child may be granted asylum under plaintiff's Immigration Form I-730 application for immediate relative asylee status "unless it is determined that the spouse or child is ineligible for asylum under" 8 U.S.C. § 1158(b)(2)(A). If the Immigration Court determines at or after the August 3, 2005 hearing that plaintiff's wife's and children's applications should be denied because they are ineligible for asylum under one or more of the exceptions of 8 U.S.C. § 1158(b)(2)(A), plaintiff's own immediate relative asylee application will be subject to denial under the "unless" clause of 8 C.F.R. § 208.21(a), unless the denial of the individual asylum petitions is overturned on appeal. It is not surprising that DHS, USCIS, and ICE would proceed on the individual asylum petitions of plaintiff's wife and children before attempting to adjudicate plaintiff's relative asylee application; denial of asylum under 8 U.S.C. § 1158(b)(2)(A) would, by operation of 8 C.F.R. § 208.21(a), preclude approval of plaintiff's relative asylee application as a matter of law.

> The Attorney General is charged with balancing the need for adequate protections for asylum seekers against a backlog of tens of thousands of cases that leave many asylum seekers in limbo. The agency operates in an environment of limited resources, and how it allocates those resources to address the burden of increasing claims is a calculation that courts should be loathe to second guess.

Blanco De Belbruno v. Ashcroft, 362 F.3d 272, 280 (4th Cir. 2004).

While plaintiff is correct in his assertion that 8 C.F.R. § 208.21(c) provides that there is no right of appeal from a denial of his relative asylee application, plaintiff has not exhausted his administrative remedy of an adjudication of the application. Merely filing the

6

application is not exhaustion of the remedy. Instead, plaintiff's claim is in effect that his administrative remedy has not been granted nor denied in a timely manner, that is, before his wife's and children's individual asylum applications have been adjudicated. Plaintiff has failed to articulate a "clear nondiscretionary duty" owed by the defendants to adjudicate his application before his wife's and children's own individual applications. See 8 U.S.C. § 1158(d)(7). Plaintiff's assertion of a constitutional right of due process to have his application decided first is conclusionary in the absence of supporting authority, and in light of the Act's specific provision that nothing in 8 U.S.C. § 1958(d) governing the filing and processing of asylum applications "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Id. "[A]liens have only those rights Congress sees fit to provide. Aliens have no independent constitutional rights in an asylum procedure." Blanco De Belbruno, 362 F.3d at 280 (quoting Selgeka v. Carroll, 184 F.3d 337, 342 (4th Cir.1999) (citing Landon v. Plasencia, 459 U.S. 21, 32, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982))). Plaintiff has not shown that Congress required immediate relative asylum petitions to be adjudicated before individual asylum petitions filed by that same relative.

Ultimately, plaintiff has failed to show that: (1) federal question jurisdiction exists under the mandamus statute 8 U.S.C. § 1361 because plaintiff has exhausted his remedies; (2) federal question jurisdiction exists under the mandamus statute 8 U.S.C. § 1361 because one or more of the defendants owes plaintiff a "clear nondiscretionary duty" to adjudicate plaintiff's relative asylee petition in a timelier fashion, that is, before an adjudication of plaintiff's wife's and children's own individual asylum applications; (3) federal

question jurisdiction exists under the APA; or (4) plaintiff enjoys a constitutional due process right to have his relative asylee petition decided before his wife's and children's own asylum petitions.  Accordingly,

Plaintiffs' claims for a writ of mandamus are hereby DISMISSED, without prejudice, for failure to show cause why this matter should not be dismissed for lack of federal subject matter jurisdiction.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 27, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk